IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OSCAR GAY, | * |
| Plaintiffs, | * |
| VS. | *   CV 2010-116 |
| WELLS FARGO BANK, N.A.; and EQUIFAX INFORMATION SERVICES, LLC, | * |
| Defendants. | * |

## COMPLAINT

COMES NOW Oscar Gay, by and through his undersigned attorney, and as his Complaint against all Defendants named in the above-styled matter, shows as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. §1681p and 28 U.S.C. 1367. Plaintiff also asserts state claims as to which this Court has pendant jurisdiction.

### PRELIMINARY STATEMENT

This case arises from the actions taken by Defendant Wells Fargo to attempt to collect a debt which is not owed by Plaintiff. These attempts arise from an account fraudulently opened by Tajuanna Gay. Plaintiff has repeatedly informed Wells Fargo that he has never agreed to be liable on the account. Wells Fargo nevertheless continues to furnish information to consumer reporting agencies ("CRAs"), including Defendant Equifax Information Services, LLC ("Equifax"), stating that Plaintiff is legally responsible for this delinquent loan. Plaintiff has provided written disputes directly to Wells Fargo and to CRAs, including Equifax, which were reporting the account as belonging to him. Dispute having been provided proof that Plaintiff's name was fraudulently associated with this account, Wells Fargo continues to provide the derogatory and false information to CRAs. Although the two other major CRA have deleted the fraudulent information, Equifax continues to report that this delinquent account belongs to Plaintiff. Plaintiff asserts various claims

against Wells Fargo under federal law for Wells Fargo's failure to comply with the requirements of the Fair Credit Reporting Act ("FCRA"), 15. U.S.C. 1681, as well as state law claims. Plaintiff also asserts FCRA claims against Defendant Equifax for its failure, after receiving Plaintiff's disputes, to remove credit information from Plaintiff's file pertaining to the false Wells Fargo debt.

### PARTIES

1. Plaintiff is an adult resident of Mobile County, Alabama.

2. Defendant Wells Fargo Bank is a corporation with its principal place of business in the state of California and at all relevant times conducted business in the State of Alabama.

3. Defendant Equifax Information Systems, Inc. ("Equifax") is a corporation formed under the laws of the State of Georgia and has its principal place of business in the State of Georgia.

### BACKGROUND FACTS

4. In late October 2007, Plaintiff was contacted by Wells Fargo Bank about a past due payment on a 2007 Chrysler Aspen van. Plaintiff had not purchased this vehicle and never agreed to be responsible for any loan regarding that purchase. After discussions with Wells Fargo, it became apparent that the vehicle was purchased in his name without his permission and that his signature was forged on the loan documents. Plaintiff filed a police report for identify theft with the police department in Prichard, Alabama on November 13, 2007. The forger was prosecuted and pled guilty to forging the loan documents.

5. Wells Fargo has since October 2007 been reporting to consumer reporting agencies ("CRA"s), including Equifax, that the Wells Fargo account belonged to Plaintiff.

6. On June 5, 2009, Plaintiff sent disputes to all three major CRAs (Equifax, Experian and Transunion) informing them that the information reported by them regarding the Wells Fargo account was incorrect. Plaintiff provided with the disputes all the information necessary to demonstrate the identity theft, along with documents from the related criminal prosecution of identity thief. Plaintiff asked all three CRAs to remove this information from his credit file. A copy of each

of the three letters was also sent directly to Wells Fargo, along with all of the supporting documentation provided with the letters.

7. Upon information and belief, each of those disputes was forwarded by the CRAs to Wells Fargo along with a request to investigate whether the information being reported could be verified.

8. Both Transunion and Experian deleted this fraudulent information from the credit files those companies maintain on Plaintiff.

9. By letter dated July 16, 2009, Equifax notified Plaintiff that it had investigated his dispute and that the fraudulent Wells Fargo account was verified and would remain on his Equifax credit report.

10. Plaintiff has suffered damages as a result of the continued reporting by Equifax and Wells Fargo of this fraudulent and derogatory information.

**COUNT ONE**
**(FCRA VIOLATIONS BY WELLS FARGO)**

11. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

12. This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

13. Defendant Wells Fargo furnishes credit information to consumer credit reporting agencies as those terms are defined by FCRA. Wells Fargo is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

14. At all relevant times, Wells Fargo provided derogatory and false credit information to consumer reporting agencies, including Equifax, regarding Plaintiff. This false and derogatory information was reported by the CRAs, including Equifax, to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

15. As stated above, Plaintiff notified Experian, Equifax and Transunion that the information reported on his credit files regarding the Wells Fargo account was false. Documents concerning the prosecution of the theft of Plaintiff's identity, including the guilty plea by the identity thief, was included with the dispute. Upon information and belief, each dispute was forwarded by the CRAs to Wells Fargo. Also, as stated above, Plaintiff provided Wells Fargo directly with a copy of his dispute letter, along with all of the supporting documentation.

16. Information was available to Wells Fargo that should have, upon a reasonable investigation, informed Wells Fargo that the reporting of disputed debt as being owed by Plaintiff was false and/or unverifiable.

17. Despite its knowledge that the information being reported on Plaintiff's credit file was false and/or unverifiable, Wells Fargo repeatedly verified the false and derogatory information as accurate, knowing that by doing so Plaintiff's creditworthiness would be damaged.

18. Wells Fargo has taken actions and made omissions which violate FCRA, specifically 15 U.S.C. §1681s-2(b). These acts and omissions include, but are not limited to, the following:

    A. Failing to fully, properly or reasonably investigate the Plaintiff's dispute of the reporting of the false and derogatory information;

    B. Failing to review all relevant information regarding Plaintiff's dispute and/or by disregarding that information after review;

    C. After receiving notice of Plaintiff's dispute, continuing to submit false and derogatory information to the CRA Defendants regarding the alleged debt. Wells Fargo knew that information to be false, incomplete and/or not verifiable;

    D. Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which Wells Fargo knew to be false, incomplete and/or not verifiable;

    E. Failing to accurately respond to Plaintiff's disputes made through the CRA Defendants after receipt of that dispute.

19. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

20. Wells Fargo's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

21. Wells Fargo's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Wells Fargo for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT TWO
## (NEGLIGENCE)

22. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

23. Wells Fargo at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing the subject Wells Fargo account. This included the duty to take reasonable measures to ensure that persons, such as Plaintiff, would not be added as liable parties to accounts without their consent and knowledge.

24. Wells Fargo breached the duties owed to Plaintiff.

25. This claim is not premised on any act or omission made by Wells Fargo regarding credit reporting.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Wells Fargo for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
## (WANTONNESS)

26. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

27. The actions taken by Wells Fargo in managing the subject Wells Fargo account, including the adding of Plaintiff as a responsible party regarding the subject account without his consent or knowledge, constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Wells Fargo's wantonness.

28. This claim is not premised on any act or omission made by Wells Fargo regarding credit reporting.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Wells Fargo for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT FOUR
## (FCRA VIOLATIONS BY EQUIFAX)

29. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

30. This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Equifax pursuant to 15 U.S.C. § § 1681o and 1681n.

31. Defendant Equifax is a "consumer reporting agency" as that term is defined in FCRA.

32. Equifax has reported false and derogatory credit information relating to the Wells Fargo account. This information was reported to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Equifax to said third parties by a "consumer report" as that term is defined in the

FCRA.

33. Plaintiff notified Equifax that the information being reported on his credit file was false.

34. Equifax failed in its duty to reasonably investigate Plaintiff's disputes and/or has merely parroted the false information supplied by Wells Fargo, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file.

35. Defendant Equifax failed to comply with the requirements of the FCRA in one or more of the following ways:

    A. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

    B. By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including, but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

    C. By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified;

    D. By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681.

    E. By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiff.

36. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

37. Equifax's acts and/or omissions made in violation of the FCRA were willful, entitling

Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

38. Equifax's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Equifax for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

KENNETH J. RIEMER
Attorney for Plaintiff
Post Office Box 1206
Mobile, AL 36633
(251) 432-9212
(251) 433-7172 (fax)
kjr@alaconsumerlaw.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Wells Fargo Bank, National Association
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, AL 36104

Equifax Information Services, LLC
CSC Lawyers Incorporating Svc. Inc.
150 S Perry Street
Montgomery, AL 36104