## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| OSCAR GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CV-2010-00116 |
| | ) | |
| WELLS FARGO BANK, N.A. and | ) | |
| EQUIFAX INFORMATION SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT WELLS FARGO BANK'S ANSWER TO COMPLAINT

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby submits its Answer to Plaintiff Oscar Gay's ("Plaintiff") Complaint:

## JURISDICTION

Wells Fargo admits this Court has jurisdiction over Plaintiff's claims. Wells Fargo affirmatively asserts, however, that Plaintiff's state law claims are preempted by the Fair Credit Reporting Act. Wells Fargo denies that Plaintiff is entitled to any relief he seeks.

## PRELIMINARY STATEMENT

Wells Fargo denies the allegations contained in Plaintiff's preliminary statement.

## PARTIES

1.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2.      Wells Fargo Bank, N.A. is a national association that is chartered under the laws of South Dakota with offices in San Francisco.  Wells Fargo admits it conducts business in the State of Alabama.  Wells Fargo denies the remaining allegations contained in this paragraph.

3.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## BACKGROUND FACTS

4.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8.      Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

10.    Denied.

## COUNT ONE

## FCRA VIOLATIONS BY WELLS FARGO

11.    Wells Fargo adopts and incorporates all previous paragraphs as if specifically stated herein.

12.    Denied.

13.    Wells Fargo admits that it furnishes information to various credit reporting agencies.  Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

14.    Denied.

15.    Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16.    Denied.

17.    Denied.

18.    Denied, including denial of subparts.

19.    Denied.

20.    Denied.

21.    Denied.

Wells Fargo denies Plaintiff is entitled to the relief requested in the addendum clause to Count One of Plaintiff's Complaint, or to any relief whatsoever.

## COUNT TWO – NEGLIGENCE

22.     Wells Fargo adopts and incorporates all previous paragraphs as if specifically stated herein.

23.     Denied.

24.     Denied.

25.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

Wells Fargo denies Plaintiff is entitled to the relief requested in the addendum clause to Count Two of Plaintiff's Complaint, or to any relief whatsoever.

## COUNT THREE – WANTONNESS

26.     Wells Fargo adopts and incorporates all previous paragraphs as if specifically stated herein.

27.     Denied.

28.     Wells Fargo lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

Wells Fargo denies Plaintiff is entitled to the relief requested in the addendum clause to Count Three of Plaintiff's Complaint, or to any relief whatsoever.

## COUNT FOUR – FCRA VIOLATIONS BY EQUIFAX

29.     Wells Fargo adopts and incorporates all previous paragraphs as if specifically stated herein.

30.     This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

31.     This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

32.     This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

33.     This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

34.     This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

35.     This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

36.     This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

37.    This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

38.    This paragraph contains allegations which are not against Wells Fargo and no response by Wells Fargo is required.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff failed to mitigate his damages.

### SECOND DEFENSE

Plaintiff's alleged damages are due, in whole or in part, to persons or entities other than Wells Fargo.

### THIRD DEFENSE

Wells Fargo pleads that the Plaintiff assumed the risk and/or was contributorily negligent.

### FOURTH DEFENSE

Plaintiff's claims are due to be dismissed because he has failed to join necessary parties.

### FIFTH DEFENSE

Wells Fargo pleads the doctrines of estoppel, laches, and/or waiver.

### SIXTH DEFENSE

Wells Fargo pleads the doctrines of ratification and unclean hands.

## SEVENTH DEFENSE

Wells Fargo adopted reasonable procedures and acted in accordance with those procedures, and acted in good faith at all times toward Plaintiff.

## EIGHTH DEFENSE

Wells Fargo pleads that any award of punitive damages in this case is subject to those limitations set forth in Alabama Code Sections 6-11-20, 6-11-21, and 6-11-27.

## NINTH DEFENSE

Wells Fargo asserts that any award of punitive damages would violate the Due Process and Equal Protection Clauses of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## TENTH DEFENSE

An award of punitive damages in this case would violate Article I, Sections 1, 6, 9, 12 and 15 of the Constitution of Alabama of 1901.

## ELEVENTH DEFENSE

Plaintiff's common law claims are preempted by the Fair Credit Reporting Act (FCRA).

## TWELFTH DEFENSE

Wells Fargo pleads all affirmative defenses as set forth in the FCRA.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's allegations fail to state a claim upon which relief may be granted.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by qualified immunity under FCRA.

## FIFTEENTH DEFENSE

Plaintiff has no private right of action against Wells Fargo under the FCRA.

## SIXTEENTH DEFENSE

At all times, Wells Fargo maintained reasonable procedures to ensure maximum accuracy of its submissions of information to consumer reporting agencies.

## SEVENTEENTH DEFENSE

Wells Fargo's supplying of information, if any, was true, privileged, and/or justified.

## EIGHTEENTH DEFENSE

Plaintiff's damages were either caused by her, or persons acting on her behalf, negligence, in whole or in part, or by other intervening or supervening causes which were beyond Wells Fargo's control and responsibility.

## TWENTIETH DEFENSE

Plaintiff is not entitled to equitable or injunctive relief under FCRA § 1681.

## <u>TWENTY-FIRST DEFENSE</u>

Wells Fargo reserves the right to amend or supplement these affirmative defenses based upon discovery of new or additional information.


s/D. Keith Andress
D. KEITH ANDRESS
NATALIE R. BOLLING

Attorneys for Defendant Wells Fargo Bank, N.A.


**OF COUNSEL:**

BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
420 20th Street North
Wachovia Tower, Suite 1600
Birmingham, Alabama 35203
Telephone (205) 328-0480
Facsimile (205) 322-8007

## CERTIFICATE OF SERVICE

     I hereby certify that on Monday, April 12, 2010, I have electronically filed the foregoing document with the Clerk of Court using the court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by U.S. First Class mail, properly addressed and postage prepaid.  Parties may access this filing through the Court's electronic filing system:

     Kenneth J. Riemer, Esquire
     166 Government Street, Suite 100
     Mobile, Alabama  36602
     kjr@alaconsumerlaw.com

     Kirkland E. Reid, Esquire
     JONES WALKER
     254 State Street
     Mobile, Alabama  36601
     KReid@joneswalker.com

     s/D. Keith Andress
     Of Counsel